# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

JOSE RAFAEL RAMIREZ,

    Petitioner,

vs.                                                   CIVIL ACTION NO.: CV212-190

A. HAYNES, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jose Ramirez ("Ramirez"), who was formerly incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FSI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. For the reasons which follow, Ramirez's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Ramirez contends that the Bureau of Prisons failed to comply with the sentencing court's order that he was to receive credit for time served in official detention prior to the date he was sentenced. Ramirez asserts that he should have received credit from October 4, 2000, through November 2, 2001. Respondent avers that Ramirez did not exhaust his administrative remedies prior to filing this petition.[1]

---

[1] This is the entirety of Respondent's analysis on the question of whether Ramirez exhausted his administrative remedies: "As set forth in Exhibit B, Declaration of J.R. Jones, ¶ 20 & Attachments ix thereto, the computerized administrative remedy records of the Bureau of Prisons demonstrate that Ramirez has wholly failed to exhaust his administrative remedies because he has not filed any administrative remedy requests regarding the computation of his sentence." (Doc. No. 11, pp. 3-4). A more thorough discussion from the Respondent would have been helpful.

## DISCUSSION AND CITATION TO AUTHORITY

"[P]risoners seeking habeas relief, including relief pursuant to [28 U.S.C.] § 2241," must exhaust all available administrative remedies. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004). If a petitioner fails to exhaust his administrative remedies before seeking redress in the federal courts, the court should dismiss the case for want of jurisdiction. Winck v. England, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (citing Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992)). "Also jurisdictional is '[t]he general rule . . . that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued.'" Id. (quoting Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001)).

In Porter v. Nussle, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. 534 U.S. 516, 523 (2002). The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 548 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91.[2] In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what

---

[2] Although Woodford was a civil rights suit rather than a habeas petition, the Court "noted that the requirement of exhaustion is imposed by *administrative law* in order to ensure that the agency addresses the issues on the merits." Fulgengio v. Wells, CV309-26, 2009 WL 3201800, at *4 (S.D. Ga. Oct. 6, 2009) (emphasis in original) (quoting Woodford, 548 U.S. at 90) (internal punctuation omitted). Thus, exhaustion requirements are applicable to habeas petitions.

2

remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

"The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court." Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992). According to these regulations, an inmate shall attempt to resolve any issue he may have informally. 28 C.F.R. § 542.14(a). An inmate dissatisfied with the informal request resolution can file a grievance with the Warden ("BP-9"), and the Warden has 20 days to respond. 28 C.F.R. §§ 542.14(a) and 542.15(a). If the inmate is not satisfied with the Warden's response, he may file an appeal with the Regional Director ("BP-10"). 28 C.F.R. § 542.15(a). Finally, if the inmate is not satisfied with the Regional Director's response, he can file an appeal with the General Counsel for the Federal Bureau of Prisons ("BP-11"). Id.

Ramirez did not exhaust his administrative remedies regarding his sentence computation claims before he filed his section 2241 petition with the Court. While Ramirez wrote letters to personnel with the "Inmate Sentence Computations, Team Lima" in Grand Prairie, Texas, and the Bureau of Prisons (Doc. No. 11-3, pp. 20-21, 24-25), he did not exhaust his administrative remedies, as required by the Bureau of Prisons' regulations. Ramirez did not file any administrative remedy requests concerning his sentence computation. (Doc. No. 11-3, pp. 8, 18). In fact, Ramirez was informed by letter dated February 28, 2012, that he could appeal the response to his letter provided by Kristy Masse, Operations Manager with the Bureau of Prisons' Designation and Sentence Computation Center, through the administrative remedy

process. (Doc. No. 11-3, pp. 26-27). Ramirez was also informed by order dated October 25, 2012, that his motion to compel, which was filed in the Southern District of Florida and construed as a section 2241 petition, was denied, in part, because he failed to exhaust his administrative remedies. (Doc. No. 11-3, pp. 13-15). Because Ramirez failed to exhaust his administrative remedies before filing this cause of action, his petition should be dismissed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Ramirez's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 11th day of February, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)